UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| JAMES R. GOFF, | : |
| | : |
| Petitioner-Appellant, | : Case No. 06-4669 |
| | : (Appellant is under a |
| vs. | : Sentence of death) |
| | : |
| MARGARET BAGLEY, WARDEN, | : |
| | : |
| Respondent-Appellee. | : |

PETITION FOR PANEL REHEARING AND/OR
MOTION FOR LEAVE TO FURTHER
BRIEF ISSUE ONE

Now comes Petitioner Goff, by and through his attorneys, David J. Graeff, and W. Joseph Edwards, and hereby requests this Honorable Panel rehear Issue One identified in the course of this Court's Opinion decided April 6, 2010:  Goff v. Bagley, 2010 WL 1286767 (6th Cir.).

This is pursuant to Fed. R. App. P. 40 and 6th Cir. I.O.P. 40

This Panel recently released the Decision of Goff v. Bagley, and conditionally granted the Writ on another Issue, i.e., Ineffective Assistance of Appellant Counsel regarding Allocution.  Goff v. Bagley, at *1, *29.

The focus of this request for Rehearing involves the Trial Court's instructions regarding mitigation and unanimity, the recent Supreme Court decision of Smith v. Spisak, 130 S.Ct. 676 (2010), and the decision of Beck v. Alabama, 447 U.S. 625, 100

S.Ct. 2382 (1980), and how Beck's application directly involves the issue in this Rehearing Petition.

This Court's decision states the salient issue with respect to this Rehearing Petition, beginning under the subtitle "Jury Instructions Regarding 'Acquit-first' and Unanimity in Mitigation Factors."

> "In his first assignment of error, Goff relies heavily on this Court's acquittal-first jury-instruction opinion in *Spisak I*, which the Supreme Court reversed in *Spisak III*, 130 S.Ct. at 681-84. Indeed, Goff states in his brief that 'the identical issue is presented here.' Goff Br. at 19. Goff filed a pre-trial motion for a penalty-phase jury instruction that, 'in essence, … [the jury] need not unanimously reject the recommendation of a death sentence before proceeding to consider the life sentences,'" <u>Goff v. Bagley</u>, 2010 WL 1286767, at *7 (6th Cir.).

After noting the Goff Trial Court's instructions, this Court's decision continues,

> "On appeal, Goff presents a single argument that the trial court impermissibly utilized an acquittal-first jury instruction *c*oupled with an instruction requiring unanimity in finding mitigation factors, and that these instructions were unconstitutional under *Spisak I*. The Ohio Supreme Court rejected both the acquittal-first and mitigation-unanimity arguments on direct appeal, specifically finding that the instructions were not invalid under *State v. Brooks*, 75 Ohio St.3d 148, 661 N.E.2d 1030, 1040-42 (Ohio 1996), even though Goff was tried six months before the *Brooks* decision, and that '[t]he jury was never told that it had to make a unanimous finding on the individual factors before weighing them.' *Goff I*, 694 N.E.2d at 921-22," at *9.

\* \* \*

> "Because we are constrained by *Spisak III*, we agree with the district court. We conclude that the jury instructions and verdict forms that Goff's trial court utilized are conceptually indistinguishable from those at issue in *Spisak III*, see *Spisak III*, 130 S.Ct., at 682-84; *Spisak I*, 465 F.3d at 708-11, as Goff acknowledges in his brief. See Goff Br. at 19 ('*Spisak* is significant since the identical issue is presented here.' Therefore, we are constrained to follow the *Spisak III* Court's reasoning and to conclude that the jury instructions properly 'focused only on the overall balancing question [,][a]nd the instructions repeatedly told the jury to conside[r] all

of the relevant evidence.' *Spisak III*, 130 S.Ct., at 684 (third alteration in original); *see also Hartman v. Bagley*, 492 F.3d 347, 362-65 (6th Cir. 2007) (distinguishing case from *Davis* and *Spisak I*), *cert. denied*, --- U.S. ---, 128 S.Ct. 2971, 171 L.Ed.2d 897 (2008). Goff is not entitled to relief on this claim.

Although a challenge to the jury instructions based on the perceived requirement 'to unanimously reject a death sentence before considering other sentencing alternatives' '<u>might still be available on AEDPA habeas review</u> after the Court's opinion in *Spisak III*,[FN3] *see Spisak III*, 130 S.Ct. at 684 (quoting *Spisak I*, 465 F.3d at 709; id. at 688-91 (Stevens, J., concurring), neither Goff nor any previous court below 'referred to *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 293 (1980), or identified any other precedent from th[e Supreme] Court setting forth this rule," and the Court 'ha[s] not, however, previously held jury instructions unconstitutional for this reason,"[FN4] *id.* at 684 (majority opinion). Thus, this court need not decide whether any further arguments on this ground could invalidate Goff's jury instructions. *See United States v. Hall*, 549 F.3d 1033, 1042 (6th Cir. 2008).", <u>Goff</u>, at *9. [Emphasis supplied].

Judge Merritt issued a concurring in part and dissenting in part decision:

"Nothing in the instructions in this case puts the jury on notice concerning rules as simple as (1) which party has the burden of proof in establishing the existence of any single mitigating factor or whether collectively the mitigators outweigh the aggravators, or (2) whether unanimity is required as to the existence of one or all of the 'collective mitigators,' or, finally, (3) what effect it would have on the verdict if a single juror believes without agreement from other jurors that a particular mitigator should reduce the penalty to life imprisonment without parole. In this totally confused state of affairs, a juror could think that the defendant must prove mitigators by the same standard as the prosecution must prove aggravators and that jury unanimity is required as to mitigators just as to aggravators or that a new trial is required in the absence of jury unanimity.

Although the Supreme Court has now established that the *Mills* doctrine does not prohibit this potential for massive confusion in the jury room as they deliberate on the need to impose the death penalty, Justice Stevens, in his concurring opinion in *Smith v. Spisak*, 558 U.S. ---, 130 S.Ct. 676, ---L.Ed.2d - --- (Jan. 12, 2010), after agreeing with the majority in *Spisak* that '*Mills* does not clearly establish [under AEDPA] that the instructions at issue were unconstitutional,' states: 'But, in my view, our decision in *Beck v. Alabama*, 447 U.S. 615, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980),

does,' *Spisak*, 130 S.Ct. at 689. Justice Stevens described the potential confusion in Ohio's mitigation and acquittal-first instructions as follows:

> The acquittal-first jury instructions used during Spisak's penalty phase interposed before the jury the same false choice that our holding in *Beck* prohibits.", <u>Goff</u>, at *30.

Judge Merritt notes Justice Stevens in <u>Spisak</u> believes <u>Beck</u> provides the proper basis under clearly established Federal law to conclude the instructions are unconstitutional:

> "It is unclear from the paragraph in the majority opinion in *Spisak* that mentions Justice Stevens' concurring opinion what position the majority takes with respect to Justice Stevens' argument that the *Beck v. Alabama* due process case should be used as the source for the holding that the confusing Ohio mitigation and acquittal-first instructions are unconstitutional. The majority neither explicitly accepts nor rejects his argument. *Spisak*, 130 S.Ct. at 684.", <u>Goff</u>, Judge Merritt concurring in part and dissenting in part at *30.

Judge Merritt stresses that "there has been no significant change in Ohio law on this subject and instructions continue to leave the burden of proof on mitigators in a state of confusion as well as the question of unanimity on mitigators and the consequences for the death penalty of juror disagreement about mitigators.", at *31.

Judge Merritt concludes:

> "I would first ask the parties to brief the question raised by Justice Stevens in his concurring opinion. In the absence of such briefing and consideration, I am inclined to follow Justice Stevens' argument, which would require the issuance of the writ of habeas corpus on due process grounds using *Beck* as the source of the constitutional law that invalidates these highly confusing Ohio jury instructions. Goff has made the argument that the Ohio instructions are completely confusing for the same reasons, and I agree with him that no one should be executed as a result of such instructions. The only question is: Can he shift his argument as a matter of form, not substance, to rely on due process under the *Beck* case as explained by Justice Stevens? I think we should allow Goff to unlink his argument from *Mills* and *Spisak* and state his question more broadly to

include the issue as outlined by Justice Stevens, as explained above.", Goff, Judge Merritt concurring in part and dissenting at *31.

Petitioner Goff requests further briefing on the Due Process argument under Beck, as it relates to the Trial Court's jury instructions at issue in this claim.

Justice Stevens in his concurring opinion in Spisak believes Beck is the legal basis to apply in finding the jury instructions impermissibly require the jury unanimously reject the death sentence before considering other sentencing options:

> "The jury was not instructed on the consequence of their failure to agree unanimously that Spisak should be sentenced to death. Spisak and the Court of Appeals both described these instructions as 'acquittal first' because they would have led a reasonable jury to believe that it first had to 'acquit' the defendant of death-unanimously-before it could give effect to a lesser penalty. Spisak, at 689.
>
> Following its prior decision in *Davis v. Mitchell*, 318 F.3d 682 (C.A.6 2003), in which it struck down 'virtually identical' jury instructions. *Spisak v. Mitchell*, 465 F.3d 684, 710 (C.A.6 2006), the Court of Appeals concluded that the instructions given during Spisak's penalty phase were impermissible because they 'require[d] the jury to unanimously reject a death sentence before considering other sentencing alternatives,' *id*., at 709.", Spisak, at 689.

Justice Stevens added that Justice Breyer's opinion, although properly stating Mills v. Maryland, 486 U.S. 367, 108 S.Ct. 1860 (1988), is not applicable to these type jury instructions, Justice Stevens stated in his view, Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382 (1980) is the proper precedent.

> "In *Beck* we held that the death penalty may not be imposed 'when the jury was not permitted to consider a verdict of guilt of a lesser included non-capital offense, and when the evidence would have supported such a verdict.'
>
> * * *

Beck's jury believed that either it had to convict Beck, thus sending him to his death, or acquit him, thus setting him free. The jury was not presented with the 'third option' of convicting him of a noncapital offense, thus ensuring that he would receive a substantial punishment but not receive the death penalty. *Id*., at 642, 100 S.Ct. 2382. We concluded that the false choice before the jury-death or acquit-'introduce[d] a level of uncertainty and unreliability into the factfinding process that cannot be tolerated in a capital case.' *Id*., at 643, 100 S.Ct. 2382.", Spisak, at 689-90.

Justice Stevens reasoned that although Beck dealt with guilt-phase instructions, the reach of that holding is not limited to that phase of a capital proceeding.

After, again, repeating Beck held the jury must be given a meaningful opportunity to consider and embrace the equivalent of a life sentence when evidence supports such an option, the acquittal-first "jury instructions used during Spisak's penalty phase interposed before the jury the same false choice that our holding in *Beck* prohibits. * * * Indeed, these instructions are every bit as pernicious as those at issue in *Beck* because they would have led individual jurors (falsely) to believe that their failure to agree might have resulted in a new trial and that, in any event, they could not give effect to their determination that a life sentence was appropriate unless and until they had first convinced each of their peers on the jury to reject the death sentence.", Spisak, at 690-91.

Justice Stevens concluded that although Spisak did not identify Beck as the source of the constitutional infirmity, Spisak has consistently pressed his argument in terms that are wholly consistent with Beck, at 691.

Petitioner Goff, like Spisak, also pressed his argument focused on Mills v. Maryland.

6

As a result of the decision in <u>Spisak</u>, it is respectfully noted that Petitioner Goff can identify the Due Process Argument in <u>Beck</u> as the basis to further pursue this issue.

Indeed, as noted earlier in this Petition, as described by Judge Merritt, it is unclear from the majority opinion in <u>Spisak</u> precisely the position the <u>majority</u> takes regarding Justice Stevens' argument applying <u>Beck v. Alabama</u>.

Towards the end of the majority opinion in <u>Spisak</u>, Justice Breyer, after stating <u>Mills v. Maryland</u> was not contrary to clearly establish Federal law, importantly, concludes:

> "We add that the Court of Appeals found the jury instructions unconstitutional <u>for an additional reason</u>, that the instructions 'require[d] the jury to unanimously reject a death sentence before considering other sentencing alternatives.' 465 F.3d, at 709 (citing *Maples v. Coyle*, 171 F.3d 408, 416-417 (C.A.6 1999)). We have not, however, previously held jury instructions unconstitutional for this reason. *Mills* says nothing about the matter. Neither the parties nor the courts below referred to *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), or identified any other precedent from this Court setting forth this rule. Cf. *Jones v. United States*, 527 U.S. 373, 379-384, 119 S.Ct. 2090, 144 L.Ed.2d 260 (1999) (rejecting an arguably analogous claim). But see *post*, at 3-5  (STEVENS,J., concurring in part and concurring in judgment). Whatever the legal merits of the rule or the underlying verdict forms in this case were we to consider them on direct appeal, the jury instructions at Spisak's trial were not contrary to 'clearly established Federal law.' 28 U.S.C. § 2254(d)(1).", at 684. [Emphasis supplied].

Considering the above statement, briefing on this issue would be beneficial when one reviews the nature of Goff's first claim. As this Court stated in its decision, Goff presents a single argument that the Trial Court impermissibly utilized an acquittal-first jury instruction <u>coupled</u> with an instruction requiring unanimity in finding mitigation factors, and that these instructions were unconstitutional, <u>Goff</u>, at *9.

This is significant since the Supreme Court's recent decision in <u>Spisak</u> focused on unanimity under the <u>Mills v. Maryland</u> doctrine.

Petitioner Goff, in his argument before this Court, initially applied <u>Mills v. Maryland</u> under both the acquittal-first instruction, and also the unanimity in finding mitigating factors.

If this Court allows briefing on this claim under <u>Beck v. Alabama</u>, the obvious thrust will be the application of the rule of law in <u>Beck</u> relevant to the acquittal-first jury instructions, and also the improper Goff verdict forms. As noted in the appeal to this Court, the life verdict forms (20 or 30 year options), stated the following:

> "'We, the jury, being duly impaneled <u>do not find</u> beyond a reasonable doubt that the aggravating circumstance outweighs the mitigating factors.' (T – 2722) [J.A. - 718). [Emphasis supplied]."

In <u>Beck v. Alabama</u>, the precise question presented for review was stated at the outset of the lead opinion:

> "May a sentence of death constitutionally be imposed after a jury verdict of guilt of a capital offense when the jury was not permitted to consider a verdict of guilt of a lesser included noncapital offense, and when the evidence would have supported such a verdict? 444 U.S. 897. We now hold that the death penalty may not be imposed under these circumstances.", <u>Beck</u>, at 627.'

The key point just noted, in addition to what has been stated throughout this Petition, is the fact that Goff at his trial presented significant evidence regarding mitigation.

Highlights of this evidence are found in Petitioner's Brief at pages 62-65.

Another factor to consider regarding the acquittal-first instruction is how Ohio Appellate Courts <u>presently</u> view its application.

8

Judge Merritt with respect to this instruction:

"Justice Stevens was under the impression that the Ohio Supreme Court had changed its instructions in 1996 in *State v. Brooks*, 75 Ohio St.3d 148, 661 N.E.2d 1030 (1996), when the Justice noted in *Spisak III* that Ohio no longer used this type of jury instruction."

Judge Merritt adds,

"'But in fact there has been no significant change in Ohio law on this subject and instructions continue to leave the burden of proof on mitigators in a state of confusion as well as the question of unanimity on mitigators and the consequences for the death penalty of juror disagreement about mitigators. The courts in Ohio are still not required to tell the jury explicitly that 'in Ohio a solitary juror may prevent [the] death penalty....Jurors from this point forward should be so instructed.' * * * Ohio Courts are still upholding death verdicts that do not clarify the 'acquittal-first,' mitigation confusion." Goff, at *31.

The above point is critical when one considers the definitional structure of aggravating factors in contrast to mitigating factors as found in Spisak I:

"Aggravating factors must be found unanimously because they are the elements of the murder offense that make the defendant death eligible. *Davis*, 318 F.3d at 687. 'Mitigating factors, on the other hand, are not viewed as elements of the crime but rather as evidence relevant to a defendant's character or record or other circumstances of the offense that might lead a sentencer to decline to impose the death sentence,'" at 465 F.3d at 709.

Spisak I correctly identifies mitigating factors as personalized or distinguishing features of an individual. Under Beck, the Goff jury was not permitted to consider these unique characteristics because of the acquittal-first instructions, and the applicable verdict forms.

Finally, it should be stressed the substance of Goff's argument has been consistent. He identified the first issue in his Brief as follows:

"I. PETITIONER GOFF WAS DENIED THE RIGHT TO A FAIR TRIAL IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE TRIAL JUDGE REFUSED TO GIVE A CRITICAL INSTRUCTION THAT JURORS CONSIDER A LIFE SENTENCE EVEN IF ALL TWELVE DO NOT INITIALLY REJECT A RECOMMENDATION OF DEATH."

The District Court identified the COA in this issue as follows:

"WAS PETITIONER GOFF DENIED A FAIR TRIAL WHEN THE TRIAL JUDGE REFUSED TO GIVE AN INSTRUCTION THAT JURORS COULD CONSIDER A LIFE SENTENCE EVEN IF ALL TWELVE DID NOT INITIALLY REJECT A RECOMMENDATION OF DEATH? [J.A. - 1420]." (Petitioner Goff's Brief at 17).

Thus, pursuant to this Petition for Rehearing, and Motion for Leave to Further Brief, Petitioner Goff specifically requests that he respectfully be allowed to pursue the issue stated above, i.e., whether Beck v. Alabama, under the Due Process Clause invalidates the Ohio jury acquittal-first instructions, detailed in Goff, 2010 W.L. 1286767, at **7-9.

## CONCLUSION

Under the Doctrine of Preclusion, a party is not permitted to take one position, and then later on take advantage of it by seeking a second position, completely incompatible with its original position.

In this Court's Goff decision, at the end of the jury instruction issue, is the statement neither Goff nor any previous Court below referred to Beck v. Alabama, or identified any other precedent from the Supreme Court regarding the question at hand.

"Thus, this court need not decide whether any further arguments on this ground could invalidate Goff's jury instructions. *See United States v. Hall*, 549 F.3d 1033, 1042 (6th Cir. 2008)," Goff, at *9.

In reviewing Hall, it states:

"[I]ssues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006). Under these circumstances, defendants have failed to properly develop the issue and have not preserved it for our review," Hall, at 1042.

Likewise, in the Johnson decision, it states an Appellant abandons all issues not raised and argued in its Initial Brief on appeal. Johnson also adds if the issues are raised in a perfunctory manner, they are deemed waived, citing United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996).

Significant in applying the above to the instant manner concerns the nature of what is waived. In the above cited cases, the issue is waived if it is identified in a perfunctory manner, or indeed is abandoned.

In Petitioner Goff's case, as noted throughout this Petition, the legal issue dealing with the particular jury instruction has always been the same. The obvious difference is that today Petitioner Goff is requesting he brief through the auspices of Beck v. Alabama.

Petitioner Goff candidly agrees with this Court that he relied heavily on this Court's decision in Spisak I. With the Supreme Court's decision in Spisak III, and with the position of Justice Stevens, (and also with the majority, through Justice Breyer's decision), it is clear the Beck doctrine can and should be litigated.

It is, thus, respectfully requested that this Court give Petitioner Goff the opportunity to so pursue this matter through either granting the Petition for Rehearing, or his coordinate Motion for Leave to Further Brief the issue.

Respectfully submitted,


  /s/W. Joseph Edwards  
W. Joseph Edwards   #0030048  
341 South Third Street  
Columbus, Ohio  43215  
Phone:  (614) 228-0523  
Trial Counsel for Petitioner-Appellant  
James R. Goff  

  /s/David J. Graeff  
David J. Graeff   #0020647  
P.O. Box 1948  
Westerville, Ohio  43086  
Phone:  (614) 226-5991  
Trial Counsel for Petitioner-Appellant  
James R. Goff  

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was sent through electronic filing to Laurence R. Snyder, Office of the Attorney General, 615 West Superior Avenue, 11th Floor State Office Building, Cleveland, Ohio 44113, this 16th day of April, 2010.


  /s/David J. Graeff  
David J. Graeff   #0020647  
Trial Counsel for Petitioner-Appellant  
James R. Goff